JUDGE FURMAN

26 CV 02836

RECEIVED
SDNY PRO SE OFFICE
2026 APR -7 AM 11: 49

**MARQUIS PATRICK**
Plaintiff, Pro Se
1575 Unionport Rd Apt 4B
Bronx, NY 10462

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MARQUIS PATRICK,** | Civil Action No.: _____ |
| Plaintiff, | |
| v. | **COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA) JURY TRIAL DEMANDED** |
| **EQUIFAX INFORMATION SERVICES LLC,** | |
| Defendant | |

**COMES NOW**, Plaintiff, **Marquis Patrick**, a natural person and consumer residing at 1575 Unionport Road, Apt. 4B, Bronx, New York 10462, appearing **pro se**, and respectfully brings this action against Defendant, **EQUIFAX INFORMATION SERVICES LLC**, a consumer reporting agency with its principal place of business at P.O. Box 105888, Atlanta, Georgia 30348, pursuant to the **Fair Credit Reporting Act (FCRA),** 15 U.S.C. § 1681 et seq., and in support thereof alleges, states, and avers as follows:

Plaintiff brings this Complaint to seek redress for Defendant's willful, reckless, and negligent violations of federal law arising from the reporting, maintenance, and verification of multiple accounts identified as belonging to the U.S. Department of the Treasury on Plaintiff's

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA) JURY TRIAL DEMANDED - 1

consumer credit report. Despite Plaintiff's repeated disputes, formal written correspondence, and submission of complaints through the **Consumer Financial Protection Bureau (CFPB)**, Defendant failed to conduct a reasonable investigation, continued to report incomplete, inaccurate, and unverifiable information, and acted in contravention of its statutory duties under the FCRA.

Through this action, Plaintiff seeks declaratory and injunctive relief requiring Defendant to correct or delete the inaccurately reported accounts, prevent future misreporting, and to recover statutory, actual, and punitive damages, as well as costs and attorneys' fees to which Plaintiff is entitled under federal law. Plaintiff further seeks compensation for the emotional distress, anxiety, frustration, and reputational harm caused by Defendant's ongoing unlawful reporting practices, which have persisted for an extended period despite Plaintiff's timely and proper notifications and efforts to resolve the matter.

## I.    INTRODUCTION

1. This is an action for statutory, actual, and punitive damages, as well as declaratory and injunctive relief, arising from Defendant's violations of the **Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.**

2. The FCRA was enacted to ensure fairness, accuracy, and privacy of information contained in the files of consumer reporting agencies and imposes strict duties on such agencies to follow reasonable procedures to assure maximum possible accuracy and to conduct thorough reinvestigations of disputed information.

3. Defendant, **Equifax Information Services LLC** ("Equifax"), is a consumer reporting agency that compiles, maintains, and disseminates consumer credit information to third

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA) JURY TRIAL DEMANDED - 2

parties for use in evaluating consumers for credit, insurance, employment, and other permissible purposes.

4. Plaintiff, **Marquis Patrick**, is a consumer within the meaning of the FCRA and has been directly and adversely affected by Defendant's unlawful reporting practices.

5. This action arises from Defendant's reporting and continued verification of multiple tradelines attributed to the **United States Department of the Treasury**, which are materially incomplete, inaccurate, and unverifiable.

6. Despite Plaintiff's repeated disputes, including a formal complaint submitted to the **Consumer Financial Protection Bureau (CFPB)**, Defendant **failed to conduct a reasonable investigation**, instead verifying the disputed information as accurate without adding missing data, providing supporting documentation, or correcting the deficiencies identified by Plaintiff.

7. The accounts at issue lack critical information, including but not limited to payment history, account opening dates, and last payment dates, rendering the reporting incomplete, misleading, and unreliable as a matter of law.

8. Notwithstanding these deficiencies, Defendant has continued to publish these tradelines as accurate, thereby misrepresenting Plaintiff's creditworthiness and causing ongoing financial and reputational harm.

9. Defendant's conduct demonstrates a **willful and reckless disregard** for its statutory obligations under the FCRA, including its duties under **15 U.S.C. §§ 1681e(b) and 1681i(a)**, which require maximum possible accuracy and reasonable reinvestigation of disputed information.

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA) JURY TRIAL DEMANDED - 3

10. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, anxiety, frustration, and damage to reputation, and is entitled to recover statutory, actual, and punitive damages, as well as injunctive relief and costs of this action.

## II.   PARTIES

11. **Plaintiff, Marquis Patrick,** is an individual and consumer residing at 1575 Unionport Road, Apt. 4B, Bronx, New York 10462. Plaintiff is a "consumer" as defined under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681a(c), and has been directly and adversely affected by the unlawful conduct of Defendant.

12. **Defendant, Equifax Information Services LLC** ("Equifax"), is a consumer reporting agency as defined under the FCRA, 15 U.S.C. § 1681a(f), that compiles and maintains consumer credit information for dissemination to third parties for the purposes of evaluating consumers for credit, insurance, employment, and other permissible purposes. Equifax's principal place of business is located at P.O. Box 105888, Atlanta, Georgia 30348.

## III.   JURISDICTION AND VENUE

13. This Court has **subject matter jurisdiction** pursuant to **28 U.S.C. § 1331** because this action arises under the laws of the United States, specifically the **Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.** The FCRA establishes federal standards governing the collection, dissemination, and use of consumer credit information and provides consumers with a private right of action against consumer reporting agencies for violations of its provisions.

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA) JURY TRIAL DEMANDED - 4

14. Specifically, the FCRA imposes strict obligations on consumer reporting agencies, including a duty to follow reasonable procedures to assure maximum possible accuracy of the information reported, as set forth in **15 U.S.C. § 1681e(b)**, and a duty to conduct reasonable reinvestigations of disputed information, as set forth in **15 U.S.C. § 1681i(a)**. Plaintiff's claims arise directly under these provisions, establishing this Court's federal question jurisdiction.

15. Venue is proper in this District pursuant to **28 U.S.C. § 1391(b)** because Plaintiff resides within this District and Defendant regularly conducts business within this District, including the collection, maintenance, and reporting of Plaintiff's consumer credit information.

16. A substantial part of the events giving rise to this Complaint occurred in this District, including the dissemination of inaccurate and incomplete tradelines by Defendant, the receipt of Plaintiff's dispute letters, and the harm caused to Plaintiff's creditworthiness, reputation, and financial standing.

17. Defendant maintains substantial operations in this District, markets its consumer reporting services nationwide, and routinely reports credit information concerning residents of this District, thereby establishing both general and specific contacts sufficient for venue and jurisdiction.

18. The unlawful reporting, verification, and continued maintenance of incomplete and inaccurate accounts in Plaintiff's credit report occurred within this District, causing direct and ongoing harm to Plaintiff in the District, including damage to credit reputation, denial of credit opportunities, emotional distress, and other consequential damages.

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA) JURY TRIAL DEMANDED - 5

19. Additionally, Plaintiff submitted formal complaints through the **Consumer Financial Protection Bureau (CFPB)** while residing in this District, and Defendant's responses, including the verification of inaccurate information without correction, were received and reviewed by Plaintiff in this District, further establishing the district as the proper venue for this action.

20. In sum, both statutory authority and factual circumstances demonstrate that this District is the proper and convenient forum for adjudicating all claims in this action, and that venue and jurisdiction are fully supported under federal law.

## IV.    FACTUAL ALLEGATIONS

21. On 2025, Plaintiff, **Marquis Patrick**, obtained a consumer credit report from Defendant, **Equifax Information Services LLC** ("Equifax"), which contained multiple tradelines attributed to the **United States Department of the Treasury**, including accounts with numbers ending in **29, 76, 87, and 91**.

22. Upon review of Plaintiff's credit report, it became apparent that the reported Treasury accounts were materially incomplete, lacking essential information required by the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., and the Metro 2 reporting standards. Specifically, the accounts failed to include:

   a) Payment history;

   b) Account opening dates;

   c) Last payment dates; and

   d) Account age or length of tradeline.

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA) JURY TRIAL DEMANDED - 6

23. Despite the absence of critical information, Equifax reported these accounts as closed accounts with outstanding balances, thereby misrepresenting Plaintiff's financial standing and creditworthiness, in violation of its duties under **15 U.S.C. §§ 1681e(b) and 1681i(a)**.

24. The incomplete and inaccurate reporting of these Treasury accounts has negatively impacted Plaintiff's credit profile, reputation, and ability to obtain credit, causing ongoing harm, anxiety, frustration, and emotional distress.

25. On or about **prior to July 25, 2025**, Plaintiff sent a **written dispute letter** to Equifax identifying the missing data points, including the lack of payment history, open dates, last payment dates, and account age, and requested that Equifax either correct or delete the incomplete accounts. A true and correct copy of this correspondence is attached as **Exhibit A**.

26. On **July 25, 2025**, Plaintiff submitted **Consumer Financial Protection Bureau (CFPB) Complaint No. 250725-22633272**, again identifying that the Treasury accounts were incomplete and unverifiable, lacking critical information necessary to accurately assess Plaintiff's creditworthiness. A copy of the CFPB complaint and confirmation of submission is attached as **Exhibit B**.

27. The CFPB forwarded Plaintiff's complaint to Equifax on the same date, requiring Equifax to investigate and provide a response regarding the accuracy and completeness of the disputed accounts.

28. On **September 14, 2025**, Equifax issued its response to Plaintiff, stating that it had "verified the items as belonging to Plaintiff and reported correctly." Equifax did not

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA) JURY TRIAL DEMANDED - 7

provide any supporting documentation, nor did it add the missing information or delete the accounts. A true and correct copy of Equifax's response is attached as **Exhibit C.**

29. Equifax's verification of the Treasury accounts as accurate, despite the absence of payment history, account opening dates, last payment dates, and account age, demonstrates a superficial, unreasonable, and incomplete investigation in violation of the FCRA, 15 U.S.C. § 1681i(a).

30. Plaintiff's initial dispute and the CFPB complaint specifically noted that reporting a **Date of First Delinquency (DOFD)** without a payment history is factually impossible and violates the FCRA and Metro 2 standards, which require furnishers and consumer reporting agencies to report complete, consistent, and accurate data.

31. Nearly **one year has passed** since Plaintiff first disputed the incomplete Treasury accounts, yet Equifax has continued to publish these tradelines as accurate, failing to correct or delete the incomplete, misleading, and unverifiable information.

32. The ongoing reporting of these incomplete accounts has caused continuous harm to Plaintiff, including financial damage, denial of credit opportunities, mental anguish, emotional distress, and reputational harm.

33. Plaintiff has repeatedly requested Equifax to correct or delete the accounts, to provide documentation supporting its verification, and to comply with statutory obligations under the FCRA. Equifax has failed to take any meaningful action, thereby demonstrating willful, reckless, and negligent disregard for Plaintiff's statutory rights.

34. Each of the disputed Treasury accounts continues to appear on Plaintiff's Equifax credit report in materially incomplete form. The failure to correct or delete these accounts constitutes ongoing misrepresentation and noncompliance with federal law.

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA) JURY TRIAL DEMANDED - 8

35. Plaintiff incorporates by reference all attached exhibits, including written disputes, CFPB complaints, and Equifax responses, which support and substantiate the factual and legal claims alleged herein.

## V.    VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

### COUNT I

### 15 U.S.C. § 1681i(a): Failure to Conduct a Reasonable Reinvestigation

36. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

37. Under **15 U.S.C. § 1681i(a)**, a consumer reporting agency is required to conduct a reasonable, timely, and good-faith reinvestigation of disputed information upon receiving notice of a dispute from a consumer.

38. Plaintiff submitted multiple disputes to Defendant, including written correspondence and complaints through the **Consumer Financial Protection Bureau (CFPB)**, identifying that the tradelines attributed to the U.S. Department of the Treasury were materially incomplete and lacked essential data.

39. Despite receiving clear notice of these deficiencies, Defendant failed to conduct a reasonable and meaningful reinvestigation, and instead relied on cursory verification from the furnisher.

40. Defendant verified the disputed information as accurate without correcting missing data, providing documentation, or deleting unverifiable accounts.

41. A reasonable investigation would have revealed that the reported information was incomplete, misleading, and incapable of verification, and therefore inaccurate as a matter of law.

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA) JURY TRIAL DEMANDED - 9

42. Courts have held that a consumer reporting agency must conduct more than a superficial investigation.

43. Defendant's conduct constitutes a superficial, unreasonable, and statutorily deficient investigation in violation of § 1681i(a).

44. As a direct and proximate result, Plaintiff has suffered damages and is entitled to all relief available under the FCRA.

45. In **Dalton v. Capital Associated Industries, 257 F.3d 409 (4th Cir. 2001)**, *the Fourth Circuit held that a CRA's investigation cannot be superficial, perfunctory, or cursory, and that failure to conduct a meaningful reinvestigation constitutes a violation of the FCRA.*

## COUNT II

### 15 U.S.C. § 1681e(b): Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

46. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

47. Under **15 U.S.C. § 1681e(b)**, Defendant is required to maintain and follow reasonable procedures to ensure maximum possible accuracy of the information it reports.

48. Defendant reported tradelines attributed to the U.S. Department of the Treasury, including accounts ending in 29, 76, 87, and 91.

49. These tradelines were materially incomplete, lacking payment history, open dates, last payment dates, and account age.

50. Despite these deficiencies, Defendant reported the accounts as accurate and complete, thereby misleading potential creditors and users of Plaintiff's credit report.

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA) JURY TRIAL DEMANDED - 10

51. Defendant failed to implement procedures reasonably designed to prevent the reporting of incomplete and unverifiable data.

52. Defendant's actions constitute a willful, reckless, and negligent failure to ensure maximum possible accuracy in violation of § 1681e(b).

53. As a direct and proximate result, Plaintiff has suffered damages and is entitled to relief under the FCRA.

54. Courts have recognized that information may be inaccurate if it is misleading or materially incomplete. In **Koropoulos v. Credit Bureau, Inc., 734 F.2d 37 (D.C. Cir. 1984)**, *the court held that information can be considered inaccurate under the FCRA when it is misleading in such a way that it can be expected to adversely affect credit decisions.*

## COUNT III
### 15 U.S.C. § 1681i(a)(6) & (7): Failure to Provide Results and Method of Verification

55. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

56. Under **15 U.S.C. § 1681i(a)(6)**, Defendant is required to provide the consumer with written notice of the results of a reinvestigation, including a description of the procedures used.

57. Under **15 U.S.C. § 1681i(a)(7)**, Defendant must, upon request, provide a description of the method of verification, including the name, address, and telephone number of any furnisher contacted.

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA) JURY TRIAL DEMANDED - 11

58. Defendant failed to provide Plaintiff with a meaningful or adequate description of the investigation procedures, instead issuing generic and conclusory statements that the accounts were verified as reported correctly.

59. Defendant failed to disclose what documents were reviewed, what data was relied upon, or how the verification was performed, thereby depriving Plaintiff of the ability to meaningfully challenge the results.

60. This failure constitutes a violation of Defendant's statutory disclosure obligations and further demonstrates the inadequacy of its reinvestigation.

61. As a direct and proximate result, Plaintiff has suffered damages and is entitled to relief under the FCRA.

62. Courts have held that a CRA must provide sufficient information regarding its investigation. In **Dennis v. BEH-1, LLC, 520 F.3d 1066 (9th Cir. 2008),** *the court recognized that failure to properly investigate and disclose verification details may support liability under the FCRA.*

## COUNT IV
### 15 U.S.C. § 1681i(a)(5): Failure to Modify, Delete, or Block Inaccurate or Unverifiable Information

63. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

64. Under **15 U.S.C. § 1681i(a)(5)**, Defendant is required to **delete or modify information** found to be inaccurate, incomplete, or unverifiable following a reinvestigation.

65. The tradelines at issue were **incomplete and incapable of verification**, as they lacked essential data such as payment history and key account dates.

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA) JURY TRIAL DEMANDED - 12

66. Despite this, Defendant failed to delete or correct the accounts and instead continued to report them as accurate.

67. Information that is **incomplete or cannot be verified is inherently unreliable and inaccurate** under the FCRA and must be removed.

68. Defendant's continued reporting of such information constitutes a **willful and negligent violation** of § 1681i(a)(5).

69. Courts have held that a consumer reporting agency must delete or modify information that cannot be verified. In **Guimond v. Trans Union Credit Information Co., 45 F.3d 1329 (9th Cir. 1995)**, the court confirmed that a CRA's failure to remove unverifiable information violates the FCRA.

70. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages and is entitled to all available relief under the FCRA.

## VI.    DECLARATORY RELIEF AND EQUITABLE RELIEF

71. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

72. Plaintiff seeks equitable and declaratory relief requiring Defendant, Equifax Information Services LLC, to take affirmative action to rectify the ongoing violations of the Fair Credit Reporting Act and to prevent further harm to Plaintiff.

73. Specifically, Plaintiff requests that this Court enter an order directing Equifax to:

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA) JURY TRIAL DEMANDED - 13

a) **Delete** the tradelines attributed to the **U.S. Department of the Treasury**, including account numbers ending in **29, 76, 87, and 91**, from Plaintiff's consumer credit report in their entirety; or, in the alternative,

b) **Correct and update** the aforementioned tradelines to ensure that they include complete, accurate, and verifiable information, consistent with Metro 2 reporting standards, federal law, and Equifax's statutory obligations under **15 U.S.C. §§ 1681e(b) and 1681i(a)**.

74. Plaintiff further requests that this Court grant appropriate equitable relief prohibiting Equifax from:

a) **Re-reporting the incomplete, inaccurate, or unverifiable tradelines** identified herein;

b) **Failing to implement reasonable procedures** to ensure the maximum possible accuracy of information in Plaintiff's consumer credit file; and

c) **Ignoring or failing to properly investigate** future disputes submitted by Plaintiff regarding the completeness or accuracy of his credit information.

75. The requested equitable and declaratory relief is necessary to prevent ongoing and future harm to Plaintiff, including damage to his creditworthiness, financial standing, reputation, and emotional well-being, and to ensure Equifax's compliance with its statutory obligations under the FCRA.

## VII.  DAMAGES

76. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA) JURY TRIAL DEMANDED - 14

77. As a direct and proximate result of Equifax Information Services LLC's willful, negligent, and reckless conduct in failing to maintain reasonable procedures to ensure maximum possible accuracy and in failing to conduct a reasonable reinvestigation of disputed information, Plaintiff has suffered substantial harm, including severe emotional distress, ongoing frustration, anxiety, humiliation, and mental anguish.

78. Equifax's conduct has caused Plaintiff to experience stress, worry, and concern regarding his creditworthiness, financial standing, and personal reputation, all of which are ongoing and have negatively impacted Plaintiff's daily life, personal relationships, and financial opportunities.

79. Equifax acted with willful disregard, reckless indifference, and a knowing failure to comply with its statutory obligations under the Fair Credit Reporting Act, including 15 U.S.C. §§ 1681e(b) and 1681i(a), despite repeated notices, formal disputes, and submissions to the Consumer Financial Protection Bureau.

80. Plaintiff is therefore entitled to recover statutory damages pursuant to **15 U.S.C. § 1681n**, as Equifax's violations were willful, knowing, and deliberate, warranting enhancement beyond actual damages.

81. In addition to statutory damages, Plaintiff is entitled to recover actual damages, including compensation for the emotional distress, mental anguish, anxiety, humiliation, frustration, and reputational harm caused by Equifax's repeated dissemination of inaccurate, incomplete, and unverifiable information.

82. Plaintiff also seeks punitive damages in an amount of **at least $100,000** to punish Equifax for its egregious and willful violations of federal law and to deter Equifax and other consumer reporting agencies from engaging in similar misconduct in the future.

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA) JURY TRIAL DEMANDED - 15

83. Plaintiff further seeks all costs of this action, including reasonable attorneys' fees, as permitted under **15 U.S.C. §§ 1681n and 1681o,** together with any other relief the Court deems just and proper under the circumstances.

## VIII.  EXHIBIT INDEX

84. **Exhibit A – Plaintiff's Written Dispute Letter to Equifax**

A true and correct copy of the written correspondence sent by Plaintiff to Equifax, identifying incomplete and inaccurate tradelines attributed to the U.S. Department of the Treasury.

85. **Exhibit B – Consumer Financial Protection Bureau (CFPB) Complaint**

A true and correct copy of CFPB Complaint No. 250725-22633272 submitted by Plaintiff, notifying Equifax of the disputed accounts and requesting correction or deletion.

86. **Exhibit C – Equifax's Response to Plaintiff**

A true and correct copy of Equifax's response to Plaintiff's CFPB complaint, verifying the disputed accounts without providing supporting documentation or correcting the deficiencies.

## IX.    PRAYER FOR RELIEF

**WHEREFORE, Plaintiff, MARQUIS PATRICK,** respectfully requests that this Court enter judgment in his favor and against Defendant, Equifax Information Services LLC, and grant the following relief:

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA) JURY TRIAL DEMANDED - 16

87. First, that the Court issue an order **directing Equifax to delete the incomplete and inaccurate tradelines attributed to the U.S. Department of the Treasury**, including account numbers ending in **29, 76, 87, and 91**, from Plaintiff's consumer credit report in their entirety; or, in the alternative, that the Court order Equifax to correct and update the aforementioned tradelines to include complete, accurate, and verifiable information, fully consistent with the statutory requirements of the Fair Credit Reporting Act, including **15 U.S.C. §§ 1681e(b) and 1681i(a)**, and the **Metro 2 reporting standards**.

88. Second, that the Court grant appropriate equitable relief to prevent Defendant from continuing from re-reporting the incomplete, inaccurate, or unverifiable tradelines at issue, and from failing to implement and maintain reasonable procedures to ensure the maximum possible accuracy of the information contained in Plaintiff's consumer credit file.

89. Third, that the Court award Plaintiff **statutory damages** as provided under **15 U.S.C. §§ 1681n and 1681o**, recognizing Equifax's willful and reckless violations of federal law.

90. Fourth, that the Court award Plaintiff **actual damages**, including compensation for the emotional distress, anxiety, frustration, humiliation, mental anguish, and harm to reputation suffered as a direct and proximate result of Equifax's unlawful reporting practices.

91. Fifth, that the Court award Plaintiff **punitive damages** in an amount to be determined at trial, but not less than **$100,000**, to punish Equifax for its willful, reckless, and deliberate violations of the Fair Credit Reporting Act and to deter Equifax and other consumer reporting agencies from engaging in similar misconduct in the future.

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA) JURY TRIAL DEMANDED - 17

92. Sixth, that the Court award Plaintiff all costs of this action, including reasonable attorneys' fees, as permitted under the Fair Credit Reporting Act, together with any other relief to which Plaintiff may be entitled under law or equity.

93. Finally, that the Court grant such further and additional relief as the Court may deem just, equitable, and proper, including, without limitation, declaratory relief confirming that Equifax's reporting of incomplete and inaccurate information violated the FCRA, and any other relief necessary to fully remedy the harm suffered by Plaintiff.

## X.    JURY TRIAL DEMAND

**Plaintiff hereby demands a trial by jury on all issues so triable.**

**Respectfully submitted,**

**Dated:** April 7th ,2026

Marquis Patrick

**MARQUIS PATRICK,**
**Plaintiff, Pro Se**

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA) JURY TRIAL DEMANDED - 18

## CERTIFICATE OF SERVICE

I, **Marquis Patrick**, Plaintiff, Pro Se, hereby certify that on this ___ day of _____, 2026, a true and correct copy of the foregoing **Complaint for Violations of the Fair Credit Reporting Act (FCRA)** was served on the Defendant, **Equifax Information Services LLC**.

**Defendant's Service Address:**
**Equifax Information Services LLC**
**P.O. Box 105888**
**Atlanta, Georgia 30348**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Dated:** April 7th _____, **2026**

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA) JURY TRIAL DEMANDED - 19

*Marquis Patrick*

**Marquis Patrick**
Plaintiff, Pro Se

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA) JURY TRIAL DEMANDED - 20